IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANETIRONY CLERVRAIN, #19001382 Plaintiff, | § § § § | |
| V. | § § | CIVIL NO. 3:19-CV-1118-K-BK |
| J. A. KELLER, ET AL., Defendants. | § § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are four pleadings filed by the *pro se* Plaintiff on April 20, 2022, in this closed case: (1) *Complaint for Violation of Civil Rights*, (2) *Motion for Alien Status or Pauperis Status or Criteria to Consider by Invoking the ANT(s) Movement Act*, (3) *Motion for Settlement Agreement(s) Against Secretive Criminals by Invoking the National Regulatory Treaties Act*, and (4) *Motion for Opposition(s) or Criminal Intent(s) and/or Malicious Against Freedome of Speech(s), by the ANT(s) Freedom Act ("TAFA")*. Doc. 78-81.

Upon review, the complaint and related motions are UNFILED and Plaintiff is SANCTIONED and BARRED from filing future filings and actions *in forma pauperis* in this Court.

I.

Plaintiff's pleadings are largely incomprehensible and fail to meet any of the pleadings requirements. Moreover, this case has been closed for more than two years

1

and Plaintiff knows this case is closed. Therefore, Plaintiff's complaint and related motions are **UNFILED**. Doc. 78-81.

II.

This is not the first time that Plaintiff files pleadings and motions in this and other closed cases. *See Clervrain v. Edlow*, No. 2:20-CV-182 (N.D. Ind. Nov. 22, 2021) (ordering Plaintiff to stop filing in a closed case and instructing clerk to dispose of anything submitted, except for a notice of appeal and related documents, without filing); *Clervrain v. Castanade*, 1:19-CV-046-H (N.D. Tex. Mar. 24, 2020) (same).

A review of PACER confirms Plaintiff is no stranger to the federal courts, having filed over 300 cases and appeals in federal courts nationwide. Other courts have noted his significant and abusive litigation history. *See Clervrain v. Duran*, No. 1:20-CV-1329, 2022 WL 626442, at *2 (D.N.M. Feb. 14, 2022) ("Plaintiff is a prolific litigator and has filed more than 100 cases in federal courts, most of which lack any connection to the forum state and have been dismissed as frivolous or for failure to state a claim upon which relief can be granted."); *Clervrain v. John Bel Edwards, et al.*, No. CV 21-345, 2022 WL 636048, at *1 (M.D. La. Feb. 11, 2022), R. & R *adopted sub nom. Clervrain v. Edwards*, No. CV 21-345, 2022 WL 628537 (M.D. La. Mar. 3, 2022) ("This case is just another stop in Plaintiff Manetirony Clervrain's four-year tour of this nation's district and appellate courts. As other courts have noted, Plaintiff has filed over 216 actions in federal district courts in 39 states, spanning from Alaska to Florida and Hawaii to Maine. Plaintiff's tour has taken him to every federal circuit court, the United

States Judicial Panel on Multidistrict Litigation, and even the Supreme Court of the United States."); *Clervrain v. Shafer*, No. CV 1:22-CV-001, 2022 WL 604896, at *1 (S.D. Ga. Jan. 6, 2022) ("Plaintiff Manetirony Clervrain and his propensity for prolific filings are well known to this Court. Other judges in the Southern District have characterized his filings as 'unbridled gibberish,' 'sprawling . . . lengthy and largely incomprehensible,' and 'unintelligible' and 'without any rhyme or reason.'"); *Clervrain v. Lee*, 3:20-CV-548, 2021 WL 141793, at *1 (E.D. Tenn. filed Jan. 14, 2021) (Plaintiff . . . has apparently filed numerous, similar lawsuits throughout the country, causing one court to accuse Plaintiff of attempting to "bamboozle the court." Another court referred to his pleadings in various courts as "jabberwocky.").

Before his release from federal prison, the United States Court of Appeals for the Fifth Circuit found that Plaintiff was barred from filing *in forma pauperis* by the three strikes provision of 28 U.S.C. § 1915(g). *See Clervrain v. Coraway*, 786 F. App'x 1, 4 (5th Cir. 2019). Plaintiff was subsequently transferred to the custody of Immigration and Custom Enforcement presumably facing deportation. *See e.g., Clervrain v. Castanade*, No. 1:19-cv-00046-H (N.D. Tex., Abilene Div., 2019) (detailing claims related to his immigration status and subsequent confinement, *see* Doc. 34 and 48). His whereabouts are presently unknown and, in his new filings, he provides the address of the UPS store at 4326 S. Scatterfield Road, Suite 153, Anderson, Indiana, as his mailing address. Doc. 78 at 2.

Given his filing history, the frivolous nature of the claims asserted in this and other cases, and the pattern of filing copious nonsensical, frivolous, and malicious actions nationwide, the Court finds that Plaintiff is an abusive and vexatious litigant. Therefore, sanctions and pre-filing restrictions are appropriate.

The Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions are appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); FED. R. CIV. P. 11(b)(2)&(c)(1) (authorizing sanctions against *pro se* litigants). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *see also In re Stone,* 986 F.2d at 902.

Therefore, Plaintiff is **BARRED** from filing any further motions or pleadings in this closed case.

In addition, Plaintiff is **BARRED** from filing future actions *in forma pauperis* in this Court, without first obtaining leave of court to do so, and any case filed, removed,

4

or transferred without the applicable filing fee, in which he is plaintiff, should not be reviewed by the Court.

Additionally, the Clerk of Court is **ORDERED** to docket – for administrative purposes only – any future civil action, pleading, or motion filed by Plaintiff in this or other cases that does not comply with the requirements of the sanction order, and immediately close the case or terminate the motion after placing a copy of the sanction order in the file, with no other action taken on non-compliant submissions.

Further, Plaintiff is **CAUTIONED** that any future frivolous, repetitive, or otherwise abusive filing in this Court will subject him to additional and progressively more severe sanctions.

SO ORDERED.

Signed April 26th, 2022.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE